```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

               CASE NO. 08-60394-CIV-ZLOCH
```

JEANNIE RUSSO, on her own
behalf and others similarly
situated,

        Plaintiff,                **ORDER OF REFERRAL**
                                                  **TO ARBITRATION**

vs.

SUNCORE INDUSTRICES, INC., a
Florida corporation, and
WILLIAM LOVINS, JR.,

        Defendants.
_____/

    THIS MATTER is before the Court upon Defendants' Motion To Stay And To Compel Arbitration (DE 12). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of her Complaint (DE 1) seeking unpaid wages from her employer Defendant Suncore Industries, Inc. and its principal William Lovins, Jr. pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. (2006) (hereinafter "FLSA"). By the instant Motion (DE 12), Defendant seeks an Order staying this action and compelling the Parties to arbitrate the dispute raised by Plaintiff's Complaint (DE 1). Defendant bases its argument on an arbitration clause contained in the Employee Handbook (DE 12, Ex. A) signed by Plaintiff and containing the policies applicable to her employment.

    Federal law has a strong policy in favor of arbitration and of

construing arbitration clauses generously.  See Becker v. Davis, 491 F.3d 1292, 1305 (11th Cir. 2007) (citation omitted).  As part of Plaintiff's employment with Defendant, she signed a copy of the Employee Handbook (DE 12, Ex. A), which contains an arbitration clause requiring all disputes arising out of any breach or interpretation of the Handbook to be submitted to arbitration. Id. p. 38.  Plaintiff does not dispute that the instant action would be covered by said arbitration clause, if enforceable.  See generally DE 14.  Rather, Plaintiff argues that the arbitration clause itself is not enforceable because it limits her right to recover attorney's fees.  See DE 12, Ex. A, p. 38 ("The Company and I shall each . . . shall separately pay our counsel fees and expenses.").

Indeed, an FLSA plaintiff has the right to recover a reasonable attorney's fee for the successful recovery of unpaid wages.  29 U.S.C. § 216(b) (2006).  By the terms of the arbitration clause quoted above, Plaintiff would be forced to cover her own attorney's fees even if she were successful.  Normally, such a truncation of a party's rights would render the arbitration agreement, and perhaps the entire agreement, void. Paladino v. Avnet Computer Technologies, Inc., 134 F.3d 1054, 1059-60 (11th Cir. 1998).  However, where the offending provision can be severed, it will not infect the whole agreement.  Frankenmuth Mut. Ins. Co. v. Escambia County, Fla., 289 F.3d 723, 728 (11th Cir. 2002).  The Parties have included a clause regarding severability in the

Handbook:

> If one or more of the provisions of this Agreement are deemed void by law, then the remaining provisions will continue in full force and effect and, if legally permitted, such offending provision or provisions shall be replaced with an enforceable provision or enforceable provisions that as nearly as possible effects the parties' intent.

DE 12, Ex. A, p. 39.  It is clear that Plaintiff cannot be found to have waived her right to recover her attorney's fees.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).  Thus, the provision regarding attorney's fees is unenforceable as applied to this FLSA proceeding.  Therefore, the arbitration provision contained in the Parties' Employee Handbook is valid and will be enforced.  Should Plaintiff be a prevailing party, she is entitled to recover a reasonable attorney's fee.  28 U.S.C. § 216(b).

    Accordingly, after due consideration, it is

    **ORDERED AND ADJUDGED** as follows:

    1. Defendants' Motion To Stay And To Compel Arbitration (DE 12) be and the same is hereby **GRANTED**;

    2. The above-styled cause be and the same is hereby **REFERRED** to binding arbitration as provided for in the arbitration clause contained in the Employee Handbook (DE 12, Ex. A);

    3. The Clerk of the United States District Court for the Southern District of Florida be and the same is hereby **DIRECTED** to mark the above-styled action closed for statistical purposes until

further order of the Court;

4. The above-styled cause shall be re-opened upon motion by either Party, or upon the Court's own motion;

5. This Order shall not prejudice the rights of any party to this litigation;

6. Every six months the Parties shall file a Joint Status Report as to the above-styled cause; and

7. To the extent not otherwise disposed of herein, all pending motions be and the same are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this  12th    day of June, 2008.

／s／ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:

All Counsel of Record